*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 25, 2020

**BY ECF**
Honorable Loretta A. Preska
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Timothy Frazier*, 90-CR-00913 (LAP)

Dear Judge Preska:

    The Government writes in response to Timothy Frazier's ("Frazier" or "the defendant") Motion to Compel Production of Stenographic Sentencing Minutes ("Motion"). (Dkt. 557). On May 18, 2020, the Court ordered the Government to respond to the Motion by May 25, 2020. (Dkt. 558). For the reasons that follow, the Government respectfully requests that the Motion be denied.

    The Government incorporates by reference the factual and procedural background as stated in its April 23, 2020 and April 29, 2020 letters (Dkts. 551, 554). On April 3, 2020, the defendant filed a Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582 (the "Compassionate Release Motion"). (Dkt. 549). Among the defendant's arguments in support of his Compassionate Release Motion was an assertion that he had already served a substantial portion of a "one year sentence." (*Id*. at 2). On April 24, 2020, after reviewing the judgment entered against the defendant on July 16, 1992 by the Honorable David N. Edelstein, United States District Judge for the Southern District of New York, the Court entered an order withdrawing a previous order regarding the length of the defendant's sentence and noting that the judgment reflects a sentence of 121 months' incarceration. (Dkt. 553). On April 29, 2020, the Government responded in opposition to the Compassionate Release Motion and stated that the defendant's judgment reflects a sentence of 121 months' incarceration and that efforts to locate the Presentence Investigation Report ("PSR") and a transcript of the sentencing hearing were unsuccessful because of the age of this case. (Dkt. 554).

    The defendant's Motion seeks to compel the Government to produce a transcript of the sentencing hearing that the Government has been unable to locate. After reviewing the Court's order of May 18, 2020, the Government again contacted the United States Probation Office ("Probation"), the court reporters' office for the Southern District of New York, and searched the Government's files that are currently accessible and was still unable to locate a transcript of the sentencing hearing. But in any event, the judgment clearly reflects that the defendant was

sentenced by Judge Edelstein to a term of imprisonment of 121 months, and the Government has seen nothing in the record to suggest the defendant's sentence was ever reduced to twelve months. The most likely explanation for the discrepancy in the CM/ECF database (which includes docket entries stating that the defendant's sentence is twelve months' imprisonment) is that there was a typographical error when the case file was transferred from paper documents to the electronic docket.[1]

The Government has seen only one signed judgment in this case, and it is a judgment sentencing the defendant to a 121 month term of imprisonment. The Government has sought, but has not located, a transcript of the defendant's sentencing and it is therefore unable to produce any sentencing transcript to the defendant. For those reasons, the Government respectfully requests that the defendant's Motion be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Brandon D. Harper
Brandon D. Harper
Assistant United States Attorney
(212) 637-2209

cc: Timothy Frazier (via U.S. Mail)

---

[1] The defendant also argues that the Motion should be granted because the United States Marshals did not sign the judgment and because he witnessed "the U.S. Marshal's [sic] not knowing about any paperwork for Frazier, other than the order that brings him to M.D.C. Brooklyn." (Dkt. 557 at 5). Neither of those arguments has any bearing on whether the Government should be compelled to produce a sentencing transcript that the Government does not have in its possession, and in any event, the copy of the judgment that the Government filed with the Court appears to be the version that was signed by Judge Edelstein before the defendant was transferred to the custody of the Marshals. The Government cannot speak to a specific conversation the defendant may have had with a member of the Marshals, but it is the Government's understanding that the Bureau of Prisons works to calculate the remainder of time that individuals must serve upon their entering federal custody.