```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          -against-                :       90 Cr. 913(LAP)
                                   :
TIMOTHY FRAZIER,                   :
                                   :
                    Defendant.     :
------------------------------------x
```

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Timothy Frazier's pro se request for compassionate release under 18 U.S.C. Section 3582 based on the COVID-19 outbreak.  For the reasons set out below, Defendant has not carried his burden to establish extraordinary and compelling reasons for release.  Accordingly, the request is denied.

**Background**

    Defendant is 51 years old. In brief, he was convicted in the United States District Court for the Southern District of New York, 90 Cr. 00913 (DNE/LAP), of conspiracy to violate federal narcotics laws under 21 U.S.C. §§ 841 and 846. In connection with this conviction, on or about July 16, 1992, the Defendant was sentenced to a term of 121 months' imprisonment (which was at the bottom of Defendant's Sentencing Guidelines range) to be followed

by a term of five years' supervised release.[1]  At the time of sentencing, the Defendant was serving a state court sentence of twenty years to life. According to the judgment, Defendant's sentence in this case was to run consecutively to the state sentence. He was paroled from his state sentence on or about September 12, 2019, and simultaneously entered federal custody to serve this sentence. The defendant has been in BOP custody for approximately seven and a half months.

Defendant is incarcerated at the MDC.  His release date has not been calculated by the Bureau of Prisons ("BOP"), but assuming a fifteen percent reduction based on good time credit, he is projected to serve approximately 103 months of his 121 month sentence.  Thus, he has approximately 96 months left to serve.

Defendant filed this motion on April 22, 2020.  The Government informs that he has not sought compassionate release and/or home confinement with the MDC.  (Gov't letter of April 29 (dkt. no. 554) at 2.)

**Applicable Law**

Under Section 3582, the Court only "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it

---

[1]  The Government notes that it has been unable to obtain Frazier's Presentence Investigation Report or a transcript of Frazier's sentencing hearing.  (Dkt. no. 554 at 1 n.1.)

2

finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  See 18 U.S.C. § 3582(c)(1)(A); see also 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13.  That section provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," id. § 1B1.13(1)(A); "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3).

The Application Notes describe the circumstances under which "extraordinary and compelling reasons exist."  Id. § 1B1.13 Application Note 1.  As the proponent of the motion, the Defendant bears the burden of proving that "extraordinary and compelling reasons" exist. See, e.g., United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given

3

issue normally has the burden of proof as to that issue."); United States v. Clarke, No. 09 Cr, 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("If the Defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (quoting Butler, 970 F.2d at 1026)); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

**Discussion**

The Court assumes without deciding that it may decide the motion even though the Defendant has not exhausted his administrative remedies.

Defendant has not carried his burden of demonstrating "extraordinary and compelling reasons" justifying release.  Although Defendant has been diagnosed with asthma, his medical records, attached to the Government's papers (dkt. no. 554-1), demonstrate that his asthma is well-controlled and that he was prescribed an inhaler upon his arrival at the MDC.  Those records indicate that, at least since October of 2019, he did not regularly use his inhaler, and he reported that his last asthma attack was in the 1990s.  There is no reason to believe that Defendant's ability to provide self-care within the institution is "substantially diminish[ed]" as a result of his asthma.  See U.S.S.G. Section 1B1.13 Application Note 1. Defendant does not contend that he suffers from any chronic

medical condition or anything else that would make him particularly vulnerable to the COVID-19 virus.

Also, the Government's papers set out in detail the numerous measures the MDC has taken to mitigate the spread of the virus in the institution.  Accordingly, Defendant has not carried his burden of demonstrating "extraordinary and compelling reasons" justifying release.

**Conclusion**

For the reasons set out above, Defendant's motion for compassionate release (dkt. no. 549) is denied.  Chambers will mail a copy of this order to Mr. Frazier.

SO ORDERED.

Dated:    New York, NY
          June 29, 2020

_____
Loretta A. Preska
Senior United States District Judge