UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ UNITED STATES OF AMERICA,            │
│                  Plaintiff           │
│           -against-                  │
│ TIMOTHY FRAZIER,                     │
│                  Defendant.          │
└─────────────────────────────────────┘
```

90 Cr. 913 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Timothy Frazier's motion to
modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2) and
3006A. (Dkt. no. 582.) The Government opposed (dkt. no. 588),
and Defendant replied (dkt no. 590). For the reasons set forth
below, the motion is granted to the extent of reducing
Defendant's sentence to 120 months.

    I.   **Background**

    On or about November 4, 1991, the Defendant pleaded guilty
to conspiracy to violate the United States narcotics laws, in
violation of Title 21, United States Code, Section 846. The
Defendant pleaded guilty pursuant to a plea agreement in which
the parties stipulated that the Defendant and his co-
conspirators distributed at least one kilogram of heroin. The
parties further stipulated that the Defendant's Total Offense
Level after receiving a two-point reduction for acceptance of
responsibility was 30 and that his Criminal History Category was

1

III. Accordingly, the Defendant's stipulated Guidelines range was 121-151 months imprisonment. <u>See</u> Plea Agreement (Exhibit A to dkt. no. 588).

On July 16, 1992, the Court held a sentencing hearing and adopted the parties' Total Offense Level and Criminal History Category calculations and the stipulated Guidelines Range of 121-151 months' imprisonment. <u>See</u> Judgment (dkt. no. 551-1, at 5). According to the Judgment, the Court adopted the factual findings in the PSR, which included that "'[a]lthough the instant Indictment provides that Frazier was part of an organization which distributed heroin, 'crack' and cocaine,' Frazier is only being held accountable for the organizations [sic] heroin sales as the evidence in this case provides that Frazier's role was limited to those sales." PSR at ¶ 184.

The Defendant's current projected release date is July 3, 2028.

**II.  Applicable Law**

Amendments 706 and 750 to the Sentencing Guidelines amended the applicable Guidelines to certain offenses involving cocaine base. Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affects not

only defendants sentenced under Section 2D1.1, but also any
defendant sentenced under a guideline that used the Drug
Quantity Table in a cross-reference. <u>See</u>, <u>e.g.</u>, U.S.S.G. § 2D1.5
(CCE); U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788,
the Commission decreed that Amendment 782 may be applied
retroactively to lower the sentences of previously sentenced
inmates. Thus, many defendants – potentially the Defendant in
this case – have become eligible for a sentence reduction
pursuant to the recent amendments.

The process for considering a Section 3582(c) motion is
well established. As the Supreme Court has made clear, Section
3582(c) "does not authorize a . . . resentencing proceeding."
<u>Dillon v. United States</u>, 560 U.S. 817, 825 (2010). Rather, it
provides only for the possibility of "a limited adjustment to an
otherwise final sentence" following a "two-step approach." <u>Id.</u>
at 826–27.

"At step one, § 3582(c)(2) requires the court to follow the
Commission's instructions . . . to determine the prisoner's
eligibility for a sentence modification and the extent of the
reduction authorized." <u>Id.</u> at 827. As to whether the defendant
is eligible for any reduction, "§ 1B1.10(b)(1) requires the
court to begin by 'determining the amended guideline range that
would have been applicable to the defendant' had the relevant

3

amendment been in effect at the time of the initial sentencing."
Id. (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If,
for any of a number of reasons, the amendment – here, the
amendment to Section 2D1.1's Drug Quantity Table – would not
have altered the defendant's sentencing range even if it had
been applicable at the time of the defendant's sentencing (for
example, where the defendant was sentenced as a career offender,
or where the bottom of the range was established by a statutory
mandatory minimum sentence), then the defendant is not eligible
for a sentencing reduction. See U.S.S.G. § 1B1.10(a)(2)(B). ("A
reduction in the defendant's term of imprisonment is not
consistent with this policy statement and therefore is not
authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment
. . . does not have the effect of lowering the defendant's
applicable guideline range.")

Similarly, as to the extent of any possible sentencing
reduction, "Courts generally may not reduce the defendant's term
of imprisonment . . . to a term that is less than the minimum of
the amended guideline range" produced by the amendment. Dillon,
560 U.S. at 827 (internal quotation marks omitted). Although, at
one time, there was ambiguity over whether a Court
might reduce a defendant's sentence to something less than the
minimum of the amended Guidelines range if the defendant had

4

originally received a departure or variance below his original
Guidelines range, the Commission has now made clear that even
where a defendant originally received a below-Guidelines
sentence, he nonetheless may not have his sentence reduced to
one that is below the new, amended range; the sole exception
being a defendant who previously received a departure based on
substantial assistance. See U.S.S.G. § 1B1.10(b)(2)(A) ("Except
as provided in subdivision (B) [relating to substantial
assistance], the court shall not reduce the defendant's term of
imprisonment under 18 U.S.C. § 3582(c)(2) and this policy
statement to a term that is less than the minimum of the amended
guideline range[.]"; United States v. Erskine, 717 F.3d 131,
137-41 (2d Cir. 2013) (recognizing that current version of
Section 1B1.10 prohibits reductions below the bottom of the
amended range, irrespective of departures or variances granted
at the original sentencing).

       "At step two of the inquiry," if the defendant has been
determined to be eligible, and the extent of his eligibility has
been established, the Court must decide in light of the
applicable Section 3553(a) factors whether to grant a reduction
"in whole or in part under the particular circumstances of the
case." Dillon, 560 U.S. at 827. This decision is committed to
the Court's discretion. See United States v. Mock, 612 F.3d 133,

137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in Dillon requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

**III. Discussion**

Because the Defendant was convicted of an offense involving heroin alone and was not convicted of an offense involving any quantity of cocaine base, Amendments 706 and 750 do not apply. Applying the Guidelines as amended by Amendment 782, the Defendant's total offense level is 28, resulting in an amended Guidelines range before any applicable mandatory minimum of 97-121 months. Because the Defendant is subject to a mandatory term of imprisonment of 120 months pursuant to his plea agreement and 21 U.S.C. § 841(b)(1)(A), his minimum applicable sentence is 120 months, for a revised amended Guidelines range of 120-121 months. See Section 5G1.1(c) ("sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . (2) is not less than any statutorily required

6

minimum sentence.") Because the Defendant's original sentence of
121 months is higher than the bottom of this amended Guidelines
range, the Defendant is eligible for a reduction.

Section 1B1.10(b)(2)(A) and (B) provide, however, that a
defendant's sentence may not be reduced any lower than the
bottom of the amended Guidelines range unless the defendant was
a Government cooperator who originally received a below-
Guidelines sentence pursuant to a substantial assistance motion
by the Government:

> (A)  <u>Limitation</u>—Except as provided in subdivision (B),
> the court shall not reduce the Defendant's term of
> imprisonment under 18 U.S.C. § 3582(c)(2) and this
> policy statement to a term that is less than the
> minimum of the amended guideline range determined
> under subdivision (1) of this subsection.

> (B)  Exception for Substantial Assistance—If the term of
> imprisonment imposed was less than the term of
> imprisonment provided by the guideline range
> applicable to the Defendant at the time of
> sentencing pursuant to a Government motion to
> reflect the Defendant's substantial assistance to
> authorities, a reduction comparably less than the
> amended guideline range determined under
> subdivision (1) of this subsection may be
> appropriate.

Here, the Defendant was not sentenced pursuant to a
Government motion based on his provision of substantial
assistance. Accordingly, he is eligible to have his sentence
reduced to a term of imprisonment no lower than the bottom of
the amended Guidelines range of 120 months.

In his reply, Defendant argues that "given the facts and circumstances of this case, there is no mandatory minimum term which constrains the Court's sentencing discretion, and the Court should impose a sentence without regard to such." (Dkt. no. 590 at 1.) He continues that:

> Defendant was charged with an offense punishable under 21 U.S.C. 841(b)(1)(A), but he did not (and was not required to) admit to any specific drug quantity at the time of the guilty plea. In as much as there was no admission to drug quantity, no mandatory minimum term of imprisonment applies in this case. See, e.g., United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005).

Id.

However, in his plea agreement, Defendant stipulated that "Sentencing Guideline 2D1.1 is applicable to the offense charged in Count One of the Indictment. During the period covered by the Indictment, it was reasonably foreseeable to Timothy Frazier that he and his co-conspirators distributed at least one kilogram of heroin." (Exhibit A in dkt. no. 588 at 2.) Accordingly, Defendant is subject to a 120-month mandatory minimum under 21 U.S.C. Section 841 (b)(1)(A).

**IV.  Conclusion**

Defendant's motion (dkt. no. 582) is granted to the extent of reducing his sentence to the 120-month mandatory minimum.

The Clerk of the Court shall close the open motion (dkt. no. 582) and mail the Defendant a copy of this order.

SO ORDERED.

Dated:    New York, New York
          May 1, 2023

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge

9